IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:15-CR-265-BR
NO. 5:17-CV-67-BR

| | |
|---|---|
| LARRY D. HILL, JR., )<br>      Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>      Respondent. ) | <u>O R D E R</u> |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 78.) Petitioner filed a response in opposition to the government's motion, (DE # 81), as well as a number of motions.

Having fully considered the motion to dismiss in conjunction with petitioner's motion and the documents he filed in support, the court concludes that petitioner has plausibly stated a claim for ineffective assistance of counsel.

In addition to asserting allegations related to his ineffective assistance of counsel claim, petitioner appears to also seek relief based on the alleged conduct of institutional staff (e.g., placing him in dehumanizing conditions, interfering with his legal mail) and purported deficiencies in the prison disciplinary hearing process which resulted in petitioner being sanctioned with the loss of 41 days good time credit. Petitioner must assert any constitutional claim based on the conditions of his confinement by filing a civil complaint pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971). Also, to the extent petitioner challenges the prison disciplinary action taken against him, he must file a habeas corpus motion under 28 U.S.C. § 2241 in the district in which he is confined. <u>See</u> <u>United States v. Miller</u>, 871 F.2d 488, 490 (4th Cir. 1989) (§ 2241 motion must be filed in the district of incarceration); <u>Anderson v. Pettiford</u>, No. 8:07-943-CMC-BHH, 2007 WL 1577673, at *3 (D.S.C. May 31, 2007) (recognizing examples of a typical use of § 2241 include "actions

challenging the administration of parole, computation of good time or jail time credits, prison disciplinary actions, or imprisonment allegedly beyond the expiration of a sentence." (citations omitted)), aff'd, 241 F. App'x 934 (4th Cir. 2007).

Accordingly, the government's motion is GRANTED IN PART and DENIED IN PART. To the extent petitioner challenges his conditions of confinement or the prison disciplinary process, such claims are DISMISSED WITHOUT PREJUDICE. Petitioner's ineffective assistance of counsel claim remains. Within 30 days, the government is DIRECTED to file an answer to the § 2255 motion. Any summary judgment motion must be filed on or before 15 March 2018. Petitioner's motions are DENIED.

This 19 January 2018.

_____
W. Earl Britt
Senior U.S. District Judge