IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-265-BR
No. 5:17-CV-67-BR

| | | |
|---|---|---|
| LARRY D. HILL, JR., | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the court on the government's motion for summary judgment on petitioner's 28 U.S.C. § 2255 motion, (DE # 99), and several motions petitioner filed *pro se*, (DE ## 94, 103, 107).

In 2016, petitioner pled guilty to possession of a prohibited object (a phone) in a prison, and the court sentenced him to two months imprisonment, consecutive to any sentence petitioner was serving. Petitioner did not appeal. He timely filed his § 2255 motion, alleging ineffective assistance of counsel, misconduct of institutional staff impacting the conditions of his confinement, and deficiencies in a prison disciplinary hearing against him. On the government's motion, the court dismissed without prejudice petitioner's claims based on his conditions of confinement and the prison disciplinary process. (DE # 93.) The court allowed the ineffective assistance of counsel claim to proceed. (Id.) The government now moves for summary judgment on this claim.

> Summary judgments are appropriate in those cases where there is no genuine dispute as to a material fact and it appears that the moving party is entitled to a judgment as a matter of law. [S]ummary judgments should be granted in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of law. Moreover, on summary judgment, any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. Where, however, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate.

United States v. Lee, 943 F.2d 366, 368 (4th Cir. 1991) (citations omitted).

To prevail on an ineffective assistance of counsel claim,

a person must show (1) that his attorney's performance "fell below an objective standard of reasonableness" and (2) that he experienced prejudice as a result, meaning that there exists "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 687-88, 694, 104 S. Ct. 2052, 80 L.Ed. 2d 674 (1984). A different inquiry is necessary with respect to the prejudice prong, however, where a conviction is based upon a guilty plea. In that situation, a person must demonstrate "a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." In discussing "the importance of protecting the finality of convictions obtained through guilty pleas," the Supreme Court recently declared that "[s]urmounting *Strickland's* high bar is never an easy task."

United States v. Fugit, 703 F.3d 248, 259 (4th Cir. 2012) (most citations omitted).

In his § 2255 motion, petitioner alleges counsel failed to investigate. (DE # 67, at 4.) Specifically, he claims counsel:

1. refused to question the only witness, (Mem., DE # 75, at 1);

2. refused to visit the scene, (id.);

3. refused to investigate the fact that there was more than one inmate in the housing unit with the same last name as petitioner, (id);

4. failed to investigate the chain of custody of the evidence, (Mem., DE # 72, at 1; Notice, DE # 76, at 1);

5. failed to investigate the incoming calls to the subject phone and to obtain statements from anyone that made those calls, (Mem., DE # 72, at 1; see also Notice, DE # 76, at 1); and,

6. failed to investigate Bureau of Prisons ("BOP") Program Statement 5270.09[1] and

---

[1] Petitioner identifies the Statement as "Bureau of Prisons Policy Statement 5270.07," (Mem., DE # 72, at 2), but it is apparent he means BOP Program Statement 5270.09, (see Mem., DE # 75, at 1 (quoting portion of BOP Program

28 C.F.R. § 541.14(b)(1), (Mem., DE # 72, at 2).

"[A] criminal defense lawyer possesses a duty to conduct a pretrial investigation that is reasonable under prevailing professional norms." United States v. Roane, 378 F.3d 382, 410 (4th Cir. 2004) (alteration, internal quotation marks, and citation omitted). Trial counsel's strategic decision on the scope of investigation "must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." Id. (internal quotation marks and citation omitted).

Here, in his declaration, counsel details his investigation. Counsel conducted a pretrial investigation of this case by speaking with petitioner, reviewing discovery provided by the government, and "review[ing] the law and regulations touching upon the possession of contraband cell phones at a federal correctional facility." (Delahoyde Decl., DE # 100-1, at 2.) He learned that the primary evidence against petitioner was: a prison security officer found petitioner in possession of the subject cell phone; while the phone was on the officer's desk, the phone rang; the officer answered the call; and the caller "identified itself as a law firm and asked for 'Mr. Hill.'" (Id. at 1.) In counsel's opinion, this evidence was "compelling," and therefore, he concluded it would be in petitioner's best interest for the case to be disposed of by guilty plea, rather than trial. (Id. at 1-2.) Counsel on behalf of petitioner negotiated a plea agreement, under which the government agreed to recommend a sentence at the low end of the guideline range and that a decrease in the guideline offense level for acceptance of responsibility was warranted. (Id. at 4; Plea Agreement, DE # 63, at 5, 6.) In counsel's opinion, "[t]his plea agreement afforded [petitioner's] best chance at not having to do significant additional time in prison as well as possibly reserving his rights to seek a reduction of his original sentence [in his

---

Statement 5270.09)).

tax fraud case] under Rule 35." (Delahoyde Decl., DE # 100-1, at 4.) After counsel and petitioner went over the plea agreement and petitioner signed it, counsel did no further investigation. (See id.)

Regarding the chain of custody of the cell phone, counsel determined the facts did not justify the filing of a pretrial motion on the issue. (Id. at 2.) Nonetheless, had the case gone to trial, counsel intended to explore the issue further and request an examination of the phone. (Id.) Counsel also concluded any chain of custody issue would be appropriately raised at trial. (See id.) Similarly, counsel concluded evidence relating to incoming calls to the cell phone could be addressed on cross-examination. (Id. at 2-3.)

Petitioner's declaration does not refute counsel's sworn statements regarding the extent of counsel's investigation of the case. (Compare Hill Decl., DE # 104-1, with Delahoyde Decl., DE # 100-1.) The court concludes counsel conducted a reasonable investigation.

Counsel's declaration does not specifically address whether he researched the particular BOP policy or federal regulation which petitioner claims he should have. Even assuming counsel did not conduct such research, counsel was not ineffective. BOP Program Statement 5270.09 concerns the BOP's discipline of inmates. Title 28 of the Code of Federal Regulations, Section 541.14(b)(1), was no longer in effect at the time of the offense here. Neither is relevant to this *criminal* case, and therefore, it was not unreasonable for counsel—appointed to represent petitioner in his *criminal* case—to fail to investigate the policy or regulation.

Out of an abundance of caution, the court addresses other habeas corpus claims which petitioner appears to assert in his various filings, and to the extent petitioner seeks to amend his § 2255 motion to assert other claims, (see Mot., DE # 107, at 1), the court will allow amendment.[2]

---

[2] The court does not address petitioner's allegations or sworn statements relating to the conditions of his

4

Petitioner appears to claim that counsel was also ineffective for allowing petitioner to meet with the prosecutor in this case without counsel being present, (Mot., DE # 103, at 2). According to petitioner, during the meeting, the prosecutor "used unethical tactics," (Resp., DE # 102, at 2), to "coerce" petitioner into pleading guilty, (Hill Decl., DE # 104-1, at 2). Counsel does not dispute that he did not attend petitioner's meeting with the prosecutor. Counsel explains that the prosecutor requested to speak with petitioner. (Delahoyde Decl., DE # 100-1, at 3.) Counsel advised petitioner of the request, and petitioner agreed. (Id.) Counsel, petitioner, and the prosecutor were to meet at the institution where petitioner was incarcerated. (Id.) On the agreed date, counsel was delayed due to a state court matter, and by the time he arrived at the institution, the prosecutor had already met with petitioner. (Id.) No evidence suggests that counsel encouraged or "allow[ed petitioner] to meet with [the prosecutor] without his presence," (Mot., DE # 103, at 2). In fact, in his declaration, petitioner states that *the prosecutor* insisted upon meeting with him outside of counsel's presence. (Hill Decl., DE # 104-1, at 2.) Because counsel had no role in petitioner's meeting alone with the prosecutor, counsel did not act unreasonably regarding the meeting.

Petitioner contends that the Double Jeopardy Clause barred his indictment because prison officials had already punished him for the same conduct. (See Mem., DE # 104, at 2.) The court rejects this claim. See United States v. Green, 508 F. App'x 206, 207 (4th Cir. 2013) (rejecting the argument that the Double Jeopardy Clause protects an inmate from being indicted for the same misconduct that resulted in prison disciplinary sanctions and citing Patterson v. United States, 183 F.2d 327 (4th Cir. 1950)).

---

confinement or the prison disciplinary process against petitioner because the court has dismissed without prejudice claims relating to those allegations.

Petitioner also alleges prosecutorial misconduct. He argues that the prosecutor's meeting with him, outside the presence of counsel, violates the rule set forth in Massiah v. United States, 377 U.S. 201 (1964). (Mem., DE # 72, at 2.) There, "th[e] Court held that the Government violated the Sixth Amendment when it deliberately elicited incriminating information from an indicted defendant who was entitled to assistance of counsel." United States v. Henry, 447 U.S. 264, 275 (1980) (Powell, J., concurring) (citation omitted). The remedy for a violation of this rule is the suppression of the defendant's incriminating statements, except those used for impeachment purposes. Kansas v. Ventris, 556 U.S. 586, 592-93 (2009).

Here, petitioner does not claim that he made any incriminating statements at the meeting with the prosecutor, nor did the government attempt to use any of his statements against him. In fact, pursuant to the plea agreement, the government agreed any self-incriminating information petitioner provided would not be used against him in determining the sentencing guideline range. (DE # 63, at 5.) Also, at sentencing, what information the government did disclose was offered in *mitigation* of defendant's sentence. (See 8/29/16 Tr., DE # 110, at 21.) Therefore, petitioner's Sixth Amendment right to counsel was not violated. See Weatherford v. Bursey, 429 U.S. 545, 557-58 (1977) (recognizing that some information harmful to the defendant must have been disclosed to the government for a Sixth Amendment violation to occur). For the same reason, any claim that petitioner's right to due process under the Fifth Amendment was violated, (see Mot., DE # 107, at 1), fails, see Hiibel v. Sixth Judicial Dist. Court of Nevada, Humboldt Cty., 542 U.S. 177, 189 (2004) ("To qualify for the Fifth Amendment privilege, a communication must be testimonial, *incriminating*, and compelled." (citation omitted) (emphasis added)).

Finally, petitioner suggests that his guilty plea was involuntary because, at the meeting, the prosecutor coerced petitioner and promised him a sentence reduction in his tax fraud case.

(See Mot., DE # 103, at 1; Mem., DE # 104, at 2; Hill Decl., DE # 104-1, at 1-2.) "A plea of guilty is void when induced by promises or threats which deprive it of its voluntariness. A judgment and sentence entered thereon is subject to collateral attack by a Section 2255 motion." Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970) (citing Machibroda v. United States, 368 U.S. 487 (1962)).

At petitioner's plea hearing, as Federal Rule of Criminal Procedure 11(b)(2) requires, the court questioned petitioner about any threats against him or promises made outside of those in the plea agreement. Petitioner denied the existence of threats, (8/29/16 Tr., DE # 110, at 13), and denied being told anything other than what was on the pages of the plea agreement itself, (id. at 16). He affirmed that he had answered all the court's questions truthfully. (Id. at 17.) Petitioner is bound by these answers, and the court will not credit petitioner's declaration to the contrary. See United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005). Therefore, to the extent petitioner asserts a claim that his guilty plea was void based on involuntariness, it must be dismissed.

For the foregoing reasons, petitioner's motion to "add evidence," (DE # 107) is GRANTED; petitioner's "motion" in opposition to the government's motion for summary judgment, (DE # 103), is DENIED; and the government's motion for summary judgment, (DE # 99), is GRANTED. Because none of petitioner's claims survive, petitioner's motion for appointment of counsel, (DE # 94), is DENIED.

Petitioner's remaining claims are DISMISSED WITH PREJUDICE. The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and therefore, a certificate of appealability is DENIED. The Clerk is

DIRECTED to enter judgment and close this case.

This 10 June 2019.

_____
W. Earl Britt
Senior U.S. District Judge