IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-265-BR
No. 5:17-CV-67-BR

| | | |
|---|---|---|
| LARRY D. HILL, JR., | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | |

This matter is before the court on remand from the Fourth Circuit Court of Appeals. (DE # 126.)

By way of background, in 2016, petitioner pled guilty to possession of a prohibited object (a phone) in a prison, and the court sentenced him to two months imprisonment, consecutive to any sentence petitioner was already serving. Petitioner did not appeal. He timely filed a motion to vacate pursuant to 28 U.S.C. § 2255. (DE # 67.) On the government's motion, the court dismissed without prejudice petitioner's claims based on his conditions of confinement and the prison disciplinary process. (DE # 93.) The court allowed the ineffective assistance of counsel claim to proceed. (Id.)

The government then moved for summary judgment, which the court granted. (DE # 111.) Petitioner appealed. The Fourth Circuit concluded this court had

> failed to address [petitioner's] assertions that: (1) his guilty plea was involuntary because prison officials refused to release him from the Special Housing Unit (SHU) until he pled guilty; (2) the prosecutor prevented Hill from preparing an adequate defense by insisting that he remain in the SHU; (3) the prosecutor knowingly and maliciously prosecuted Hill based on tainted evidence; (4) the prosecution was racially motivated (5) the violation of his constitutional rights during the prison disciplinary proceedings affected the outcome of the related criminal proceedings; (6) his right to due process was violated when he was convicted and sentenced based on tainted evidence; and (7) when imposing his sentence, the district court should have considered his efforts to improve himself in prison.

(DE # 116, at 2.) Accordingly, it remanded the proceeding to this "court for consideration of

the unresolved claims." (Id. at 3 (citation omitted).) In light of this ruling, within 30 days, the government is DIRECTED to file an answer to these remaining claims and any summary judgment motion.

While his appeal was pending, petitioner filed several motions. Because the Fourth Circuit's mandate has now issued, those motions are ripe for resolution. First, petitioner filed a motion for unsecure bail, (DE # 118), and less than a week later, he filed an emergency supplement to that motion, (DE # 119). Petitioner argues that he should be released from imprisonment (on bail) based on the remand of the case, the spread of COVID-19 at FCI Butner Low, where he is currently incarcerated, and his medical conditions. (DE ## 118, 119.) The court notes that, pursuant to Standing Order 19-SO-3, counsel has recently been appointed to represent petitioner for purposes of relief under the First Step Act of 2018, which includes a reduction in the term of imprisonment for extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1). Appointed counsel recently filed a notice of appearance on behalf of petitioner for this purpose. Accordingly, the motion for unsecure bail and its supplement are DENIED WITHOUT PREJUDICE to counsel refiling a § 3582(c)(1) motion. Counsel is DIRECTED to file a § 3582(c)(1) motion within 10 days. The government shall file any response in accordance will the local rules.

Next, petitioner filed a motion to dismiss his conviction and for immediate release. (DE # 120.) The allegations in this filing relate to petitioner's pending § 2255 motion. The court HOLDS IN ABEYANCE this motion and will resolve it in conjunction with the § 2255 motion.

Petitioner then filed a motion for video mediation. (DE # 122.) This motion appears to concern petitioner's § 2255 proceeding. However, mediated settlement conferences are not required in such proceedings. See Local Civil Rule 101.a(b). Petitioner's motion for video mediation is DENIED.

2

Finally, petitioner has recently filed a motion for an update on the status of his pending motions. (DE # 125.) Because the court has addressed all his pending motions above, this motion is DENIED as moot.

The Clerk is DIRECTED to serve a copy of this order on petitioner.

This 27 August 2020.

_____
W. Earl Britt
Senior U.S. District Judge