IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
No. 4:13-CR-28-BR
No. 5:15-CR-265-BR

| | |
|---|---|
| UNITED STATES OF AMERICA, | )<br>)<br>) |
| v. | )<br>) |
| LARRY D. HILL, JR., | )     ORDER<br>) |
| Defendant. | )<br>)<br>)<br>) |

This matter is before the court on defendant's motions for compassionate release, (DE # 134),[1] and to amend his motion for appointment of counsel and for unsecure bail, United States v. Hill, No. 4:13-CR-28-BR, DE # 222.

In 2006, defendant pled guilty to making false statements relating to the payment of health care benefits. United States v. Hill, No. 4:06-CR-43-FL (E.D.N.C.). The court sentenced him to 27 months imprisonment and ordered him to pay approximately $79,000 in restitution. In 2013, defendant pled guilty to one count of conspiracy to defraud the United States and one count of making a false tax return, with such offenses occurring while defendant was on supervised release for his 2006 conviction. The court sentenced him to a total term of 100 months imprisonment and ordered him to pay approximately $5,000,000 in restitution. In 2016, while incarcerated on his 2013 conviction, defendant pled guilty to possession of a prohibited object (a phone), and the court sentenced him to two months imprisonment, consecutive to any sentence he was serving. His projected release date is 11 December 2020. See Federal Bureau

---

[1] Defendant appears to be serving a consolidated sentence in the cases noted in the caption. Unless otherwise noted, when referring to the docket, the court refers to the entries in case number 5:15-CR-265-BR.

of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Register Number 24346-056) (last visited Oct. 13, 2020).

In 2019, defendant filed a motion for compassionate release based on the death of his minor child's caregiver. The court denied the motion, concluding "[defendant] is a danger to the community and considering the applicable factors under [18 U.S.C.] § 3553(a)." United States v. Hill, No. 4:13-CR-28-BR, DE # 199, at 4. Defendant appealed, and the Fourth Circuit Court of Appeals affirmed. United States v. Hill, 809 F. App'x 161 (4th Cir. 2020) (per curiam).

In June 2020, defendant filed *pro se* another motion for compassionate release. United States v. Hill, No. 4:13-CR-28-BR, DE # 219. Pursuant to Standing Order No. 19-SO-3 (E.D.N.C. Jan. 25, 2019), the court appointed counsel to represent defendant for purposes of the motion. Appointed counsel filed a supporting memorandum with supporting documents, id., DE ## 223, 224, to which the government filed a response in opposition, id., DE # 227. In the meantime, defendant filed *pro se* a motion to amend his motion for appointment of counsel and for unsecure bail. Id., DE # 222.

In September 2020, with the assistance of counsel, defendant filed another motion for compassionate release, substantially similar to his June motion, along with supporting documents. (DE ## 134, 135.) The government filed a response in opposition with supporting documents. (DE # 139.)

Defendant requests a reduction in his sentence of imprisonment to time served pursuant to 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act.[2] That statute provides in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—

---
[2] The First Step Act amended § 3582(c)(1)(A) to permit a defendant to bring such a motion. See Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239 (2018).

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction . . .
>>
>> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).

The relevant policy statement is set forth in United States Sentencing Guideline § 1B1.13, "Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A)."[3] "Th[at] policy statement . . . requires: (1) extraordinary or compelling reasons to warrant a reduction in a defendant's sentence, (2) that the defendant is not a danger to the safety of others or the community, and (3) that release from custody complies with § 3553(a) factors." United States v. Lake, No. CR 5:16-076-DCR, 2019 WL 4143293, at *2 (E.D. Ky. Aug. 30, 2019) (citing U.S.S.G. § 1B1.13 (2018)); see also United States v. Kibble, Criminal No. 2:19-00077, 2020 WL 3470508, at *2 (S.D.W. Va. June 25, 2020).

Under the policy statement, extraordinary and compelling reasons justifying a sentence reduction exist based on any of following circumstances:

---

[3] Technically, the policy statement, which was adopted prior to the First Step Act, applies only to motions filed by the Bureau of Prisons. See United States v. Beck, No. 1:13-CR-186-6, 2019 WL 2716505, at *5 (M.D.N.C. June 28, 2019). "The Sentencing Commission has not amended or updated the old policy statement since the First Step Act was enacted, nor has it adopted a new policy statement applicable to motions filed by defendants. While the old policy statement provides helpful guidance, it does not constrain the Court's independent assessment of whether 'extraordinary and compelling reasons' warrant a sentence reduction under § 3582(c)(1)(A)(i)." Id. at *6-7 (citation and footnote omitted).

(A) <u>Medical Condition of the Defendant</u>.—
   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,
   (II) suffering from a serious functional or cognitive impairment, or
   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) <u>Family Circumstances</u>.

   (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

   (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) <u>Other Reasons</u>.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B.13, cmt. n.1.

Even if a defendant establishes extraordinary and compelling reasons to support a sentence reduction, the court must still consider the applicable § 3553(a) factors. <u>See</u> 18 U.S.C. § 3582(c)(1)(A); <u>United States v. Chambliss</u>, 948 F.3d 691, 693 (5th Cir. 2020).

These factors include: "(1) [Defendant's] personal history and characteristics; (2) his sentence relative to the nature and seriousness of his offense; (3) the need for a sentence to provide just punishment, promote respect for the law, reflect the seriousness of the offense, deter crime, and protect the public; (4) the need for

4

> rehabilitative services; (5) the applicable guideline sentence; and (6) the need to avoid unwarranted sentencing disparities among similarly-situated defendants."

United States v. Adona, No. CR PX-17-345, 2020 WL 4338889, at *2 (D. Md. July 28, 2020) (citation omitted) (alteration in original).

Before considering the merits of the motions, it appears defendant exhausted his administrative rights in the Bureau of Prisons prior to filing the motion. See United States v. Hill, No. 4:13-CR-28-BR, DE ## 219-1, 219-2. The government does not dispute that defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement. See id., DE # 227, at 5.

Turning to the merits, defendant asserts that his underlying medical conditions "put him at a significantly higher risk for severe complications or death should he contract COVID-19" and therefore constitute extraordinary and compelling reasons to reduce his sentence to time served. (Mot., DE # 134, at 5.) The government concedes that defendant has shown an extraordinary and compelling reason to justify consideration of a reduction in his sentence of imprisonment. (Resp., DE # 139, at 12.) Nonetheless, it argues defendant's sentence should remain the same based on the § 3353(a) factors and because defendant remains a danger to society. (Id. at 13-14.)

Defendant is 47 years old. He is obese and has Type 2 diabetes, heart disease, and hypertension. (Ex. A, DE # 135.) These medical conditions increase defendant's risk of severe illness from COVID-19. See Centers for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Oct. 13, 2020). The court agrees with the parties that defendant's underlying medical conditions in light of the COVID-19 pandemic constitute extraordinary and compelling reasons to support a sentence reduction.

Even so, the court continues to conclude that a reduction in defendant's sentence of imprisonment is not appropriate. Defendant remains a danger to the community and the relevant § 3553(a) factors counsel against defendant's early release. "Defendant has committed serious fraud and financial crimes. He continued to commit crimes while incarcerated and on supervised release. At this time, incarceration has not deterred his criminal behavior. Under the circumstances, reducing defendant's term of imprisonment would not promote respect for the law or provide just punishment." United States v. Hill, No. 4:13-CR-28-BR, DE # 199, at 4 (footnote omitted).

Defendant's motions for compassionate release are DENIED. His *pro se* motion to amend his motion for appointment of counsel and for unsecure bail is DENIED as moot.

This 15 October 2020.

_____
W. Earl Britt
Senior U.S. District Judge