IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-265-BR
No. 5:17-CV-67-BR

| | |
|---|---|
| LARRY D. HILL, JR., | ) |
|     Petitioner, | ) |
| | ) |
| v. | )     <u>O R D E R</u> |
| | ) |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

This matter is before the court on the government's motion to dismiss petitioner's 28 U.S.C. § 2255 motion. (DE # 142.) Although he was notified of the motion and the deadline for filing materials in opposition to the motion, (DE # 144), and obtained an extension of time to do so, (<u>see</u> 11/9/20 Order, DE # 146), petitioner did not file any response.

By way of background, in 2016, petitioner pled guilty to possession of a prohibited object (a phone) in a prison, and the court sentenced him to two months imprisonment, consecutive to any sentence petitioner was already serving, and one year of supervised release. Petitioner did not appeal.

In 2017, he filed the § 2255 motion. (DE # 67.) On the government's motion, the court dismissed without prejudice petitioner's claims based on his conditions of confinement and the prison disciplinary process. (1/22/18 Order, DE # 93.) The court allowed the ineffective assistance of counsel claim to proceed. (<u>Id.</u>) The government then moved for summary judgment, which the court granted. (6/11/19 Order, DE # 111.) Petitioner appealed.

The Fourth Circuit Court of Appeals concluded this court had failed to address seven claims raised in petitioner's filings and accordingly remanded the proceeding for this court to consider those unresolved claims. (Op., DE # 116.) Thereafter, the court directed the government to file an answer to the remaining claims and any summary judgment motion. (8/27/20 Order, DE # 128.) After obtaining an extension of time, in October 2020, the

government filed the instant motion to dismiss. In November 2020, petitioner filed a motion for an extension of time to respond and for appointment of counsel. (DE # 145.) The court allowed petitioner until 19 February 2021 to file any response to the motion to dismiss and denied his request for appointment of counsel. (11/9/20 Order, DE # 146.) As recognized above, petitioner did not file a response to the government's motion.

On 11 December 2020, petitioner was released from imprisonment, see Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (search BOP Register Number 24346-056), and began serving his one-year term of supervised release. Because his term of supervised release expired on 10 December 2021, petitioner is no longer "in custody" for purposes of § 2255,[1] cf. United States v. Pregent, 190 F.3d 279, 283 (4th Cir. 1999) ("A prisoner on supervised release is considered to be 'in custody' for purposes of a § 2255 motion." (citation omitted)), and therefore, his § 2255 motion appears moot, see Stewart v. United States, No. 5:08-CR-00018-FL-2, 2012 WL 7177064, at *1 (E.D.N.C. Oct. 18, 2012) (memorandum and recommendation) ("[W]hen Stewart filed her motion to vacate . . ., she was in federal custody and thus her motion was viable at that time. Since then, however, Stewart has been released from custody and is no longer subject to supervision. Her motion to vacate has therefore become moot . . . ." (citation omitted)), adopted, 2013 WL 636555 (E.D.N.C. Feb. 20, 2013).

The government did not raise the issue of mootness in its motion to dismiss. Therefore, the court gives petitioner the opportunity to address this issue. Within 30 days from the date

---

[1] Petitioner's one-year term of supervised release in this case ran concurrently with the three-year term of supervised release imposed in his other case, No. 4:13-CR-28-BR (E.D.N.C.). See 18 U.S.C. § 3624(e) ("The term of supervised release commences on the day the person is released from imprisonment and runs concurrently with any Federal, State, or local term of probation or supervised release or parole for another offense to which the person is subject or becomes subject during the term of supervised release."). The fact that petitioner remains on supervised release in the other case is irrelevant because he is no longer "in custody" for the conviction and sentence he challenges in this § 2255 proceeding.

this order is filed, petitioner is DIRECTED to file a response to this order and show cause why his § 2255 motion should not be dismissed as moot. **PETITIONER IS WARNED THAT IF HE FAILS TO TIMELY RESPOND TO THIS ORDER, HIS § 2255 MOTION WILL BE DISMISSED.** The Clerk is DIRECTED to obtain petitioner's mailing address from his supervising probation officer and mail a copy of this order to petitioner.

This 2 February 2022.

_____
W. Earl Britt
Senior U.S. District Judge