IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CR-265-BR
No. 5:17-CV-67-BR

| | |
|---|---|
| LARRY D. HILL, JR., ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

This matter is before the court on petitioner's 28 U.S.C. § 2255 motion, (DE # 67), his motion to dismiss and for immediate release, (DE # 120), the government's motion to dismiss the § 2255 motion, (DE # 142), and the court's 2 February 2022 show cause order, (DE # 153).

Petitioner filed his § 2255 motion in 2017. After the court granted summary judgment to the government and petitioner appealed, the Fourth Circuit Court of Appeals remanded the proceeding for this court to consider certain "unresolved" claims. (Op., DE # 116, at 3.) Before the Court of Appeals' mandate issued, petitioner filed the instant motion to dismiss the charges against him and for immediate release, (DE # 120, at 3), which is essentially based on many of the same grounds raised in his § 2255 motion and related filings, (compare id. at 2-3, with Op., DE # 116, at 2 (detailing petitioner's unresolved § 2255 claims)). After the mandate issued, the government filed its motion to dismiss. "Although he was notified of the motion and the deadline for filing materials in opposition to the motion, (DE # 144), and obtained an extension of time to do so, (see 11/9/20 Order, DE # 146), petitioner did not file any response." (2/2/22 Order, DE # 153, at 1.)

Recently, the court recognized that because petitioner had been released from imprisonment and his term of supervised release had expired, "his § 2255 motion appears moot." (Id. at 2 (citation omitted).) The court gave petitioner the opportunity to address this issue and directed him within 30 days to "show cause why his § 2255 motion should not be dismissed as

moot" and warned him that if he failed to timely respond to that order, his § 2255 motion would be dismissed. (Id. at 2-3.) Petitioner did not file a response to the order, and the time within which to do so has expired.

Because petitioner is no longer in custody and it is not evident that he is suffering any collateral consequences from this misdemeanor conviction, the court DISMISSES WITHOUT PREJUDICE the § 2255 motion as moot. See United States v. Swaby, 855 F.3d 233, 239 n.2 (4th Cir. 2017) ("When an inmate is released from custody, a habeas petition may become moot."); cf. id. (recognizing habeas petition was not moot because the petitioner continued to suffer collateral immigration consequences as a result of his felony conviction). Petitioner's and the government's motions to dismiss are DENIED as moot.

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, a certificate of appealability is DENIED.

The Clerk is DIRECTED to enter judgment and close this case.

This 15 March 2022.

_____
W. Earl Britt
Senior U.S. District Judge

2

Case 5:15-cr-00265-BR   Document 154   Filed 03/15/22   Page 2 of 2